**COMMONWEALTH OF MASSACHUSETTS**

**HAMPDEN, ss.**                         SUPERIOR COURT
                                         CIVIL ACTION No.: 20  0677

**KEVIN P. LEBEAU, and**
**CATHERINE M. TZOUMAS-LEBEAU,**
Plaintiffs

vs.

**KIRBY Q. BOMBARD, and**
**FERGUSON ENTERPRISES, LLC (formerly**
**FERGUSON ENTERPRISES, INC.)**
Defendants

RECEIVED

DEC 22 2020

LAURA S. GENTILE
CLERK OF COURTS
HAMPDEN COUNTY

## COMPLAINT AND DEMAND FOR JURY TRIAL

### PARTIES

1. The Plaintiff, KEVIN P. LEBEAU (hereinafter "PLAINTIFF"), is a natural person who resides at 735 Memorial Drive, #110, in the City of Chicopee, County of Hampden, in the Commonwealth of Massachusetts.

2. The Plaintiff, CATHERINE M. TZOUMAS-LEBEAU (hereinafter "PLAINTIFF SPOUSE"), is a natural person who resides at 735 Memorial Drive, #110, in the City of Chicopee, County of Hampden, in the Commonwealth of Massachusetts. The Plaintiff, CATHERINE M. TZOUMAS-LEBEAU, is the spouse of the Plaintiff, KEVIN P. LEBEAU.

3. The Defendant, KIRBY Q. BOMBARD (hereinafter "BOMBARD"), is a natural person who, at all times relevant and material to the issues herein, has resided at 110 Melinda Lane, City of Bristol, in the State of Connecticut.

4. The Defendant, FERGUSON ENTERPRISES, LLC (hereinafter "FERGUSON"), is a corporation duly organized under and pursuant to the laws of the Commonwealth of Virginia, with principal offices located at 12500 Jefferson Avenue, PO Box 2778, Newport News, Virginia. FERGUSON'S resident agent in Massachusetts is Corporate Creations Network, Inc., 225 Cedar Hill Street, No. 200, Marlborough, MA 01752.

## FACTUAL ALLEGATIONS

5. PLAINTIFF, Kevin Lebeau, is married to PLAINTIFF SPOUSE, Catherine M. Tzoumas-Lebeau.

6. On December 27, 2017, at approximately 5:00 p.m., PLAINTIFF was operating his motor vehicle in the vicinity of 620 Fuller Road in the City of Chicopee, heading in a westerly direction.

7. On that same date and time, the Defendant BOMBARD was operating a commercial motor vehicle in the vicinity of 620 Fuller Road in the City of Chicopee, heading in an easterly direction. Defendant's motor vehicle was owned and/or controlled by Defendant FERGUSON, who was also BOMBARD'S employer.

8. As he was operating his motor vehicle in an easterly direction on Fuller Road in the City of Chicopee, BOMBARD so carelessly operated his motor vehicle so as to cause it to collide with a motor vehicle that was in front of it that had stopped while yielding to oncoming traffic. The vehicle BOMBARD collided with was also traveling in an easterly direction but was intending to turn left into a

business establishment and so was lawfully stopped in front of 620 Fuller Road in order to yield to oncoming traffic that was traveling in a westerly direction.

9. As a result of BOMBARD negligently striking the stopped vehicle in front of 620 Fuller Road, the stopped vehicle was pushed into the oncoming lane of travel where it struck PLAINTIFF'S vehicle, which was traveling westerly on Fuller Road.

10. As a direct and proximate result of that collision, PLAINTIFF suffered severe and disabling personal injuries of body and mind, was required to undergo emergency medical treatment and hospitalization, sustained substantial injuries and aggravation to a pre-existing medical condition, lost time from his usual occupation, incurred significant medical bills for his medical treatment, continues to receive medical treatment for ongoing injuries and physical conditions caused by the collision, and was greatly and substantially harmed as a result of that collision.

11. As a direct and proximate result of PLAINTIFF'S negligent and wrongful conduct, PLAINTIFF SPOUSE has been deprived of her husband's care, comfort, companionship, and society.

## COUNT I

12. PLAINTIFF repeats and restates each of the allegations set forth in paragraphs numbered 1 through 11 above, as if the same were set forth more fully herein.

13. As one who was operating his motor vehicle on Fuller Road in the City of Chicopee on December 27, 2017, BOMBARD owed a duty of care to all other persons, including the PLAINTIFF, to operate that motor vehicle safely and appropriately under all traffic conditions so as not to cause it to collide with any other vehicles on the road.

14. By failing to operate his motor vehicle properly and safely on Fuller Road on December 27, 2017, thus causing it to collide with a vehicle that was safely stopped in the road ahead of his vehicle and causing that stopped vehicle to be pushed into the lane of oncoming traffic where that vehicle then collided with PLAINTIFF'S vehicle, BOMBARD breached the duty of care which he owed to the PLAINTIFF and was negligent.

15. As a direct and proximate result of BOMBARD'S negligence, the PLAINTIFF suffered serious and disabling injuries of body and mind, as aforesaid.

WHEREFORE, PLAINTIFF demands judgment on Count I against all DEFENDANTS in an amount the Court deems just and equitable, plus interest and costs.

## **COUNT II**

16. PLAINTIFF repeats and restates each of the allegations set forth in paragraphs numbered 1 through 15 above, as if the same were set forth more fully herein.

17. At the time BOMBARD was operating the within commercial motor vehicle on Fuller Road in the City of Chicopee on December 27, 2017, BOMBARD was employed by FERGUSON.
18. At the time of the collision referred to herein, BOMBARD was driving a commercial truck that was associated with his employment with FERGUSON.
19. At the time of the collision, BOMBARD was acting within the scope of his employment with FERGUSON.
20. As a direct and proximate result of the negligence of FERGUSON'S employee, BOMBARD, the PLAINTIFF suffered serious and disabling injuries of body and mind, as aforesaid.
21. Defendant FERGUSON is responsible for the negligent acts of its employee, BOMBARD.

    WHEREFORE, PLAINTIFF demands judgment on Count II against all DEFENDANTS in an amount the Court deems just and equitable, plus interest and costs.

### COUNT III

22. PLAINTIFF SPOUSE repeats and restates each of the allegations set forth in paragraphs numbered 1 through 21 above, as if the same were set forth more fully herein.
23. Catherine M. Tzoumas-Lebeau (PLAINTIFF SPOUSE) is, and at all times relevant to this Complaint was, PLAINTIFF Kevin Lebeau's wife.

24. As a direct and proximate result of DEFENDANTS' negligent and wrongful conduct, PLAINTIFF SPOUSE has been deprived of her husband's care, comfort, companionship, and society.

WHEREFORE, PLAINTIFF SPOUSE demands judgment on Count III against all DEFENDANTS in an amount the Court deems just and equitable, plus interest and costs.

**THE PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE HEREIN.**

KEVIN P. LEBEAU and
CATHERINE M. TZOUMAS-LEBEAU,
Plaintiffs

By Their Attorney,

Dated: December 22, 2020

*CAHodge/sm.*

Colleen A. Hodge, Esq.
MARIEN & HODGE, P.C.
1350 Main Street, Suite 1204
Springfield, MA 01103
Telephone: (413) 788-4555
Facsimile: (413) 733-0785
BBO#:  657165
E-mail:  csullivan@marienhodge.com